UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY LAMON IVY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MARGARET MIMS, *et al.*,<br><br>　　　　Defendants. | Case No. 1:18-cv-01434-EPG<br><br>ORDER GRANTING PLAINTIFF LEAVE TO SUPPLEMENT COMPLAINT AND FILE AMENDED COMPLAINT<br><br>(ECF No. 7)<br><br>THIRTY (30) DAY DEADLINE |

Plaintiff, Quincy Lamon Ivy, proceeding *pro se* and *in forma pauperis*, commenced this civil rights action pursuant to 42 U.S.C. § 1983 by the filing of a complaint on October 17, 2018. (ECF No. 1.) On November 2, 2018, Plaintiff filed a document, asking the Court to "attach" it to his case. (ECF No. 7.) The Court interprets the November 2, 2018, filing as a request to supplement the complaint.

The Court will grant the request, and directs Plaintiff to file a single, consolidated complaint, which includes the supplemental allegations and complies with Federal Rule of Civil Procedure 8. Plaintiff should make sure the amended complaint is legible, either typed or in clear handwriting, and that it clearly states the facts and claims.

**I.　SUPPLEMENTAL PLEADINGS**

Rule 15(d) of the Federal Rules of Civil Procedure, which addresses supplemental pleadings, provides:

1

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense....

Fed. R. Civ. P. 15(d).

Local Rule 220, which applies to "changed pleadings," including supplemental pleadings filed under Federal Rule of Civil Procedure 15(d), provides:

> Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading. Permission may be obtained from the Court, if desired, for the removal of any exhibit or exhibits attached to a superseded pleading, in order that the same may be attached to the changed pleading.

Local Rule 220.

Thus, in order to supplement his complaint, Plaintiff must file an amended complaint that is complete in itself without reference to the original complaint or the supplement he has filed. Plaintiff's complaint is not "deemed amended or supplemented" until he has complied with this requirement. *See* Local Rule 220 ("No pleading shall be deemed amended or supplemented until this Rule has been complied with.").

## II. PLEADING STANDARDS

Because the Court is granting Plaintiff's request to supplement his complaint, which requires Plaintiff to file a single, consolidated amended complaint that is complete in itself, the Court will not screen Plaintiff's original complaint at this time. The Court has, however, conducted a cursory review of the complaint. Based on that review, the Court finds that parts of the complaint are illegible and incomprehensible, and fail to comply with Federal Rule of Civil Procedure 8. Much of the handwriting is unclear and difficult to understand.

Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation

2

omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly,* 550 U.S. at 556–557.

Rule 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct." A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *See Sparling v. Hoffman Constr. Co.,* 864 F.2d 635, 640 (9th Cir. 1988); *see also McHenry v. Renne,* 84 F.3d 1172 (9th Cir. 1996). Rule 10(b) also requires a plaintiff to state claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Moreover, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b).

The amended complaint must be either typed or prepared using **legible** handwriting. The amended complaint must also state the facts and claims simply and directly.

### III. ADDITIONAL GUIDANCE FOR AMENDING COMPLAINT

Because this case is filed under the Civil Rights Act, 42 U.S.C. § 1983, the Court provides these additional legal standards that might be of assistance to Plaintiff in amending his complaint.

The Civil Rights Act provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979*));  see also Chapman v. Houston Welfare Rights Org*., 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

3

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

"Local governing bodies… can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where… the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690 (footnote omitted). "Plaintiffs who seek to impose liability on local governments under § 1983 must prove that action pursuant to official municipal policy caused their injury. Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. These are action[s] for which the municipality

is actually responsible." *Connick v. Thompson*, 563 U.S. 51, 60–61 (2011) (internal citations and quotations omitted) (alteration in original).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *Iqbal*, 556 U.S. at 676-77; *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

## IV.   CONCLUSION AND ORDER

The Court grants Plaintiff's request to supplement his complaint. (ECF No. 7.) Plaintiff is granted leave to file, within **thirty (30) days**, an amended complaint that is complete in itself without reference to the original complaint or the supplement he has filed.  The complaint must be either typed or written in clear legible handwriting.

The amended complaint must comply with Federal Rule of Civil Procedure 8, including the requirements that it contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d).

Further, to state a claim for relief under § 1983, the amended complaint must allege

constitutional violations under the law as discussed above. There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. *Iqbal*, 556 U.S. at 676. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). Thus, Plaintiff must name the proper defendants and state what each named defendant did that led to the deprivation of his constitutional or other federal rights. Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678; *Jones*, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and must be complete in itself without reference to the prior or superseded pleading or the supplemental pleading. *See* Local Rule 220. Therefore, in the amended complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff may also choose to stand on the original complaint, in which case the Court will screen the original complaint.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff may file a First Amended Complaint that is complete in itself without reference to the prior or superseded pleading or the supplemental pleading, within **thirty (30) days** from the date of service of this order;
3. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:18-cv-01434- EPG;
4. Alternatively, within **thirty (30) days** from the date of service of this order,

1 | Plaintiff may notify the Court that he wishes to stand on his original complaint,
2 | which would mean that he is abandoning his supplemental pleading, in which case
3 | the Court will screen the original complaint.
4 | 5. If Plaintiff fails to file an amended complaint or notify the Court that he wishes to
5 | stand on his original complaint within **thirty (30) days** from the date of service of
6 | this order, the Court will issue findings and recommendations to the assigned
7 | district court judge, recommending that Plaintiff's case be dismissed for failure to
8 | comply with a Court order.

IT IS SO ORDERED.

Dated: **January 31, 2019**  /s/ Eric P. Groj
UNITED STATES MAGISTRATE JUDGE