UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY LAMON IVY, | Case No. 1:18-cv-01434-LJO-EPG (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED FOR PLAINTIFF'S FAILURE TO PROSECUTE |
| v. | |
| MARGARET MIMS, et al., | |
| Defendants. | (ECF No. 8) |
| | OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

Plaintiff, Quincy Lamon Ivy, is proceeding pro se and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 2, 6.) At the time Plaintiff filed this action, he was in the custody of the Fresno County Jail. For the reasons discussed below, the Court recommends that the case be dismissed without prejudice for failure to prosecute.

Local Rule 183 requires parties to keep the Court apprised of their current address. *See* Local Rule 183. Local Rule 183(b) provides:

> Address Changes. A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Plaintiff has not complied with this requirement.

1

On January 31, 2019, the Court entered an order requiring Plaintiff to file, within thirty days, either a first amended complaint or notification that he wishes to stand on his original complaint. (ECF No. 8.) The Court warned Plaintiff that if he failed to file an amended complaint or notify the Court that he wishes to stand on his original complaint within the thirty-day deadline, "the Court will issue findings and recommendations to the assigned district court judge, recommending that Plaintiff's case be dismissed for failure to comply with a Court order." (*Id.* at 7.)

On January 31, 2019, the Court mailed the order to Plaintiff at the address Plaintiff provided to the Court. That mail was returned to the Court as undeliverable on February 8, 2019, with the notation that Plaintiff is no longer in custody. It has been more than sixty-three days since the mail was returned to the Court as undeliverable, and Plaintiff still has not provided the Court with an updated address as required by Local Rule 183(b). Plaintiff also has not otherwise contacted the Court or complied with the Court's order requiring him to file, within thirty days, a first amended complaint or notification that he wishes to stand on his original complaint.

A court may involuntarily dismiss a case where "the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order. . . ." Fed. R. Civ. P. 41(b); *see Hells Canyon Preservation Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (a court may *sua sponte* involuntary dismiss a case under Rule 41(b) for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders). "In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006). These factors are "not a series of conditions precedent before the judge can do anything," but a "way

for a district judge to think about what to do." *In re PPA*, 460 F.3d at 1226 (citation omitted).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (quotation marks omitted). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . ." *Pagtalunan*, 291 F.3d at 642. Here, the Court's inability to communicate with Plaintiff leaves the Court no other reasonable alternative to address Plaintiff's failure to inform the Court of his current address and his failure to respond to the Court's order and prosecute this case. *See In re PPA*, 460 F.3d at 1228-29; Carey, 856 F.2d at 1441. This factor accordingly weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Patagalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Id*. at 643. Plaintiff's failure to inform the Court of his current address, resulting in the inability of the Court to communicate with him, has and will continue to cause a delay in this proceeding. Therefore, this third factor weighs in favor of dismissal.

As to the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering Plaintiff's *in forma pauperis* status and the inability to communicate with Plaintiff. Further, given the stage of these proceedings, the preclusion of evidence or witnesses is not available.

Finally, because public policy favors disposition on the merits, this final factor weighs against dismissal. *Id.*

After weighing the factors, the Court finds that dismissal is appropriate. Accordingly, the Court hereby recommends that:

///

1. This action be dismissed without prejudice based on Plaintiff's failure to prosecute this case; and

2. The Clerk of Court be directed to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **<u>twenty-one (21) days</u>** of the date these Findings and Recommendations are entered, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

IT IS SO ORDERED.

Dated: **April 26, 2019**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE